PEOPLE *ex rel.* O'TOOLE *et al. v.* BOARD OF EXCISE OF CITY OF BROOKLYN.

(*City Court of Brooklyn, General Term.* December 29, 1891.)

1. INTOXICATING LIQUORS—GRANTING LICENSE—EXERCISE OF DISCRETION.
   The refusal of a license to sell intoxicating liquors in street-corner premises, on the ground that the other three corners of the street are occupied by saloons, is an exercise of discretion by the board of excise, and not an arbitrary rejection of the application.

2. SAME—CONSTRUCTION OF STATUTE.
   Laws 1886, c. 496, provides that no license for the sale of intoxicating liquors shall be granted unless the board of excise "shall be satisfied, upon examination, * * * that a license may properly be granted for such sale in the place proposed." *Held* to confer a right on the board to exercise a discretion in granting such licenses.

Appeal from special term.

Application for *mandamus* on the relation of James O'Toole and others to compel the board of excise of the city of Brooklyn to grant them a license to sell intoxicating liquors. From an order dismissing the proceeding relators appeal. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

*J. T. Marean,* for appellants. *F. A. McCloskey,* for respondents.

OSBORNE, J. The relators applied to the board of excise for a license to sell liquor at the north-west corner of Columbia place and State street, in this city. The application was refused, and thereupon the relators, under the provisions of section 1, c. 496, Laws 1886, applied to this court for a writ of *mandamus* to review the action of the board of excise. The board of excise made return to said writ, and, on a trial of the matters involved, the learned trial judge found, as matter of fact, *inter alia,* "that the only reason why a license might not properly be granted for said place was and is that there was and is a sufficient number of licensed places in the neighborhood to supply the demand, the place being the north-west corner of Columbia place and State street, and there being a licensed saloon in actual operation on each of the other three corners;" and the learned trial judge also found, as a conclusion of law, that said reason was a "good and valid reason" for refusing the application, within the meaning of the statute, and the proceeding was accordingly dismissed. This appeal is taken from the final order dismissing the proceeding. The only question for our consideration on this appeal is whether the application of the relators for a license "has been arbitrarily rejected, or has been rejected without good or valid reasons therefor." The learned counsel for the appellants contends that the reasons which will justify a refusal of an application for a license are not such as either the board of excise or the court, in the exercise of its own wisdom, may deem "good or valid;" that no intent to restrain the liquor traffic further than to avoid some of its evil consequences can be imputed to the legislature; and that the only "good or valid reason," within the meaning of the statute, for the refusal of

a license, must be that the granting of it will involve some evil consequences to society. We do not think that this contention can be sustained so far as it seeks to maintain that the board of excise are not vested by the statute with the exercise of discretion as to the granting of licenses. The title of the act is "An act to regulate the sale of intoxicating liquors," etc., and one of the definitions of "regulate" given by Webster is "to direct by rule or restriction." The act itself provides that no license shall be granted unless the board of excise "shall be satisfied, upon examination," *inter alia,* "that a license may properly be granted for such sale in the place proposed." We think that this language was intended to vest the board of excise with the exercise of discretion as to the propriety of granting a license for this particular place. The right of review of the action of the board of excise only exists, under the statute, where it appears that the application "has been arbitrarily rejected, or has been rejected without good or valid reasons therefor." It certainly appears from the return that the board of excise have not rejected this application arbitrarily or in a despotic manner. The board of excise has assigned, as its reason for rejecting the application of the relators, that there were already licensed saloons in actual operation on each of the other three corners of Columbia place and State street. We think that is equivalent to a finding by the board that a license might not properly be granted in the place proposed. We cannot say that the reason assigned for refusing the license was not "good or valid." As before stated, the power is vested by the statute in the board "to regulate" the sale of liquor, and it was clearly within the power vested in the board by the statute, in regulating the sale of intoxicating liquors, to hold, in the exercise of its discretion, that liquor stores on three out of four corners of intersecting streets rendered the fourth corner a place where a license might not properly be granted. It never was intended by the statute to constitute the judges of the courts excise commissioners, but only to give the courts a power of review over any abuse of the discretion vested in and exercised by the board of excise. We are of the opinion that no abuse of discretion is shown in the case before us. For these reasons we think that the action of the board of excise should be sustained, and that the order dismissing the proceedings should be affirmed, with costs.