(7 Misc. Rep. 558.)

### PEOPLE ex rel. RYAN v. DALTON et al.

(Superior Court of New York City, Special Term. March, 1894.)

INTOXICATING LIQUORS—LICENSES—DISCRETION OF EXCISE COMMISSIONERS.

It is in the discretion of the excise commissioners to refuse a license on the ground of the proximity of the place to other saloons.

Certiorari by John Ryan to review the decision of William Dalton and others, constituting the board of commissioners of excise, in refusing relator the hotel liquor license. Quashed.

L. J. Grant, for relator.
Edward Browne, for respondents.

McADAM, J. The relator applied for a hotel liquor license for the premises No. 917 Sixth avenue, in the city of New York. Protests against granting the license were filed with the commissioners by James R. Waterlow, Michael Cozle, John Hardy, and H. D. W. Burt, residents of the neighborhood, while a petition in favor of granting the license was signed by 18 other neighbors. The commissioners gave the applicants and contestants a hearing, at which testimony was taken covering 77 typewritten pages, on the conclusion of which the commissioners made the following decision:

"The application of John Ryan for a hotel license at the premises No. 917 Sixth avenue is rejected, and a license refused, for the reason that, considering the rights and interests of the property owners and residents of the neighborhood, and the number of existing licensed places in the vicinity of the place for which the license is sought, the commissioners of excise are satisfied that there is no immediate necessity or convenience to be served in granting such

application at this time. On the further ground that the board of excise is of the opinion that the application is an attempt, on the part of the applicant, to secure a bar privilege under the guise of an application for a hotel, inasmuch as that part of the premises fitted up for the bar is on the ground floor front of said building, and has every appearance of a saloon; and, as there are two other licensed saloons on the corners of Sixth avenue and Fifty-Second street, the granting of this application would be practically to establish a third drinking place, in violation of a rule of the board of excise in existence and enforced for the past six years."

All the questions decided were the subject of evidence pro and con, and the conclusion reached, being sufficiently sustained, should not be disturbed. This court made a general decision in regard to writs of mandamus in excise cases,[1] in which, among other things, it was held that "such boards must, in the nature of things, determine whether the applicant possesses the qualifications required by section 18 of the act; whether the place is one which ought to be licensed; whether its proximity to a church or schoolhouse, or to other saloons in the neighborhood, makes it unwise and improper to grant the occupant a license." In People v. Board of Excise (City Ct. Brook.) 16 N. Y. Supp. 798, affirmed by court of appeals, 31 N. E. 627, it was held that it was within the power of the board of excise, in the exercise of its discretion, to determine that liquor stores on three corners of intersecting streets render the fourth corner a place where a license might not properly be granted, and that its decision to that effect was not an abuse of discretion. The superior court rule, before referred to, would undoubtedly leave it discretionary with the board to decide that two liquor stores on two corners of intersecting streets were one too many. Indeed, courts are to interfere upon certiorari only where the action of the board is arbitrary and capricious, and without good and substantial reasons. If the board had not accorded a full hearing, one might have been directed. But a hearing was had, and the board having determined, after judicial inquiry and upon conflicting proofs, that the place for which a license was sought was not an hotel within the meaning of the act, and that the application was an attempt on the part of the applicant to secure, under the guise of being a hotel keeper, a license for an ordinary bar room, when he knew that three on adjoining corners was a violation of the regulations of the board, such adjudication, being within its judicial powers, cannot be said to be arbitrary and capricious, or without cause. Nor does it necessarily follow that every hotel keeper is entitled to a liquor license, even if the hotel be the only one in the neighborhood. The board must pass upon the qualifications of the applicant and the public necessity for the license. Liquor is not necessary to the existence of an hotel. Indeed, there are many where none can be had, and guests in large cities can, as a rule, obtain all the liquor they require without much journeying. In this instance they can be accommodated on either of the two adjoining corners. It follows that the writ must be quashed, and application denied. Writ quashed and application denied.

---

[1] See note at end of case.

## NOTE.

The applications for writs of mandamus, etc., referred to above, were heard by Judge McADAM at a special term of the superior court of New York City, .and the following opinion was rendered on June 24, 1892: "Several applications for certiorari and mandamus having been made and declined, it is proper that the rule regulating the granting of such writs should be stated. The object of the act of 1892, c. 401, was not to convert the courts into excise boards, but merely to require a review of their action where an application for a license has been by such boards arbitrarily denied, or denied without good or solid reasons therefor. Section 24. In the two cases reviewed by this court, the refusal to grant the licenses was placed exclusively on the construction of the statute respecting which the board was in error. The questions presented were entirely of a legal character, which the court, under the act, was bound to decide. But there are many questions concerning which the action of excise boards will not be disturbed. Such boards must, in the nature of things, determine whether the applicant possesses the qualifications required by section 18 of the act; whether the place is one which ought to be licensed; whether its proximity to a church or schoolhouse, or to other saloons in the neighborhood, makes it unwise and improper to grant the occupant a license. The board, with its retinue of inspectors, its facility for inquiry, by evidence or otherwise, is peculiarly qualified to pass upon these questions, and its findings thereon must, in all but extreme cases, meet with approval. At all events, mandamus, which is a writ resting largely in discretion, will lie only where the refusal to license is placed on grounds which are clearly arbitrary or illegal, and not where the discretion of the board has been exercised, and not abused. The discretion of the court is not to be substituted for that of the excise board. The legislature has lodged such discretion with the board, and it should remain there, except in a clear or an extreme case of abuse. Applicants must govern themselves accordingly."