PEOPLE ex rel. CONNOLLY v. MURRAY et al.[1]

(Superior Court of New York City, Special Term. April 13, 1895.)

1. LIQUOR LICENSE—GROUNDS FOR DENIAL—DISCRETION OF BOARD.
The board of excise refused to grant a liquor license on the grounds (1) that considering the rights of the property owners and residents of the neighborhood, and the number of licensed premises in the vicinity for which license is sought, the board was satisfied that there was no immediate public necessity or convenience to be served in granting such a license at the time; (2) that the existing number of licenses to drink liquors on the premises was sufficient to meet all the requirements of the inhabitants, and that in the judgment of the board the public interests would not be served by increasing the number of such licenses; (3) that prior applications had been rejected on protests made against the granting of a license at the place applied for. *Held*, that the refusal to grant said license was not an arbitrary act, and that the discretion vested in the board was not abused.

2. SAME—SURRENDER OF OUTSTANDING LICENSE.
The fact that an applicant is about to purchase and surrender an outstanding license for another place does not deprive the board of its discretion to determine whether a license for the place applied for ought to be granted.

Certiorari by the people on the relation of Connolly against Murray and others, constituting the board of excise, to compel said board to grant a liquor license. Quashed.

G. M. Curtis and Thos. W. Pittman, for petitioner.

A. R. Page, for defendants.

GILDERSLEEVE, J. The relator applied to the board of excise for a license to sell strong and spirituous liquors, also wines and beer,. to be drunk on and off the premises No. 335 Amsterdam avenue, being the southeast corner of that avenue and Seventy-Sixth street. The board denied the application for the following reasons: (1) That considering the rights and interests of the property owners and residents of the neighborhood, as well as the number of existing licensed places in the vicinity of the place for which the license is sought, the board of excise is satisfied that there is no immediate public necessity or convenience to be served in granting such a license at this time. (2) That in the judgment of the board the public interests will not be served by increasing the number of saloon liquor licenses for the sale of liquors to be drunk on the licensed premises, the number of such class now in existence being in excess of 6,500, most of which are in active business operation. This number, in the opinion of the board, is sufficient to meet all the requirements of the inhabitants of the city at the present time. (3) That the relator applied for a liquor license on March 4, 1895, and that the reasons above given were considered by the board as sufficient, from the fact that several prior applications had been rejected for the same premises, on protests made against the granting of a license at said place applied for. And the board enumerates in its return these different applications. It appears, therefore, by the return, that the commissioners exercised the discretion vested in them by

---

[1] Order affirmed. See 38 N. Y. Supp. 1148.

law; and, that discretion not having been abused, the refusal to grant a license to the relator is not arbitrary or capricious, under the act.    See People v. Dalton, 7 Misc. Rep. 558, 28 N. Y. Supp. 491; In re Excise License, 38 N. Y. Supp. 425;  Board v. Barrie, 34 N. Y. 657;  People v. Wright, 3 Hun, 306;  People v. Perry, 13 Barb. 206; and kindred cases.

The fact that the relator is about to purchase and surrender to the board.an outstanding license for another place does not deprive the board of its discretion to determine whether, in view of all the surroundings, the license for this particular place ought to be granted.

Application denied, and writ of certiorari dismissed.